3 P    329
e217    ²213

January Term, 1883, No. 157.                    April 30, 1883.

## Appeal of Henry C. Brolasky.

1. A testator in his will directed that "all charges against any of my children for moneys received by them, or paid for their account, standing on my books at the time of my decease, shall be void." His son, being executor of the will, claimed a credit of $1,040, the amount of his own note to the testator included in the inventory. This note was never entered in testator's books, though another of earlier date for $1,020, of which the last note was claimed to be a renewal, had been so entered and the entry afterwards erased. *Held*, that the executor was *prima facie* chargeable with the amount, and there being nothing upon the face of testator's books to bring the note within the discharging clause of the will, nor any evidence, *aliunde*, releasing the debt, the accountant was properly surcharged with the amount.

2. An executor is not entitled to commissions upon the principal or capitalized amount of an irredeemable ground-rent, forming part of the price of real estate, out of which it is payable, sold by him.

Before Mercur, C. J. ; Gordon, Paxson, Trunkey, Sterrett, and Green, JJ.

VOL. III.—20.

Appeal of Henry C. Brolasky, acting executor of the will of Simon Brolasky, deceased, from the decree of the Orphans' Court of Philadelphia county, dismissing his exceptions to the adjudication *sur* his first account as such executor and confirming said adjudication.

Simon Brolasky died January 13, 1881. In his will, which was duly admitted to probate, he directed, *inter alia*, as follows :

"Item. All charges against any of my children for moneys received by them, or paid for their account, standing on my books at my decease, to be null and void." Letters testamentary were issued January 20, 1881, to Henry C. Brolasky.

Upon the adjudication of the executor's account before ASHMAN, J., the accountant claimed credit for a note of $1,040, dated October 25, 1880, made by him to the testator, with which he had been charged in the inventory. In an account-book of the testator, containing entries for the year 1879, and some for 1880, there had been entered a note of Henry C. Brolasky, dated January 9, 1880, at four months for $1,020. A check of the testator to the order of H. C. Brolasky for $1,000, dated January 9, 1880, was in evidence. The entry of the note for $1,020 had been stricken from the book. The accountant testified that this note was renewed, with $20 interest added, and was renewed again without interest. In the books produced there was no entry of the note for $1,040.

Several witnesses testified as to the existence of another account-book of the testator in which there were entries of charges against his children, and there was some testimony that his daughter, Mary Ann Brolasky, obtained possession of it after his death. She testified that she delivered all of his books to one of the appraisers. The auditing judge found, *inter alia*, as follows :

"X. Note of H. C. Brolasky, $1,040. The will provided that all items of indebtedness for money received by or paid for the children, and charged against them on his books, should be null and void. The note for which this credit is claimed was drawn by H. C. Brolasky to the order of testator, and dated October 25, 1880, at three months.

The only note entered on the books against the accountant was dated January, 1880, for $1,020. It was not shown that the note for $1,040 was given in renewal of that for $1,020, and the latter was not produced at the audit. It is not necessary to consider, even if the larger note had been entered, whether such entry would come

within the description of charges for money "received by or paid for" the children. The notes may have been given for another than money consideration. The fact that the note for $1,040 was not recorded on decedent's books must be accepted as conclusive against the credit, and the latter is stricken out.

XI. . . . The commissions of five per cent. on the mortgage of $16,000, and of ten per cent. on the collections of rent, are allowed. The latter rate was fixed by the decedent himself, in his written agreement with accountant, and continued to be paid from 1866 up to his death. But commissions are refused on the sum of $879 83, that being the principal of a ground-rent on the premises sold, and which formed part of the price upon which commissions were claimed in the account."

To this adjudication, numerous exceptions were filed.

October 28, 1882, the Court, ASHMAN, J., dismissed the exceptions and filed the following opinion:

"The auditing judge found as a fact that the note of Henry C. Brolasky for $1,040 was not entered upon the books of the testator, although a note of the accountant in the sum of $1,020, and bearing an earlier date, had been so recorded. It was claimed that the first-named note was a renewal of that which appeared on the books, and that the maker was exonerated by the testator's direction that all items charged by himself against his children should be null and void. The necessity for discussing this point is removed by the fact which was conceded at the argument, and was apparent upon an inspection of the decedent's books, that the entry in question had been marked out. All the circumstances indicated that the erasure had been made by the testator. This fact, which the auditing judge, in summing up the testimony, omitted to mention, is of itself conclusive against the accountant, and the exceptions taken by him to the disallowance are dismissed. The objection to the credits of $15 and $10 respectively, for wages paid to John Clark and Eliza Johnson, having been withdrawn, those credits are re-instated, and the adjudication is further amended by striking out the allowance for commissions upon the value of the leasehold property, the claim to which was postponed by consent of counsel for hearing at the audit of a later account. The exceptions are dismissed, and the adjudication, as amended, is confirmed."

The accountant thereupon appealed and assigned as error:

*First.* The action of the Court in striking out the

[Appeal of Henry C. Brolasky.]

credit of $1,040 upon the accountant's note in favor of testator, and in charging him with the amount thereof.

*Second.* In dismissing the accountant's exceptions to the disallowance of said credit.

*Third.* In surcharging the accountant with commissions on the sum of $877 33, the principal of a ground-rent on premises sold by the accountant; the premises having been sold subject to said ground-rent, and the accountant charging himself with the full amount of the purchase money without deduction for said ground-rent, the commissions claimed being only on the actual amount of purchase money paid to the accountant.

*Fourth.* In dismissing the accountant's exceptions to the refusal of the auditing judge to allow said commissions.

*Francis E. Brewster* and *F. Carroll Brewster* for appellant.

The note for $1,040 was a renewal of a note for $1,020, with interest added, and was discharged under the provisions of the will.  The striking out of the $1,020 shows that a renewal was made, and does not evidence the intention of the testator to remove it from his books.

The accountant is entitled to a commission upon the full amount of the purchase money, including the principal of the ground-rent.

*William F. Johnson* for appellees.

The erasure of the entry having been made by testator, shows his intention that it should not come within the terms of the will.

The idea of a gift or advancement is repelled where an obligation for the payment of the amount is taken: Roland *v.* Schrack, 5 Casey, 125; Harris' Appeal, 2 Grant, 304.

APRIL 30, 1883.—The opinion of the Court was delivered by STERRETT, J.:

In his account as acting executor of his father's will, appellant claimed credit for $1,040, the amount of his own note included in the inventory and appraisement. His contention was that the indebtedness to his father, represented by the note, was discharged by the following clause in the will, viz: "All charges against any of my children for moneys received by them or paid for their account, standing on my books at the time of my decease, shall be void."

[Appeal of Frederick Collins.]

The learned judge before whom the account was audited found as a fact that the note in question had never been entered in testator's books; that another note, of earlier date, for $1,020 had been so entered, but the entry thereof had been afterwards erased. It was claimed that the first-mentioned note was a second renewal of the latter, but that fact, if material, was not clearly shown.

From an inspection of testator's books, it clearly appeared that the entry of the $1,020 note had been erased; and all the circumstances connected therewith pointed to the conclusion that the erasure had been made by the testator himself.

The note in question having been included in the inventory and appraisement of testator's personal estate, appellant, as maker thereof, was *prima facie* chargeable with the amount.

There was nothing whatever upon the face of testator's books to bring the note within the discharging clause of the will above quoted, nor was there any evidence, *aliunde*, that tended in the slightest degree to show that accountant had been released or exonerated from the payment of this note. There was no error, therefore, in surcharging him with the amount complained of; and hence the first and second assignments are not sustained.

The third and fourth assignments, relating to surcharge of commissions on $877 33, are without merit. The property sold was subject to an irredeemable ground-rent, the capitalized amount of which was the sum above named. For the reason given by the auditing judge, it is very apparent that accountant could have no just claim to commissions on that sum.

Decree affirmed and appeal dismissed at costs of appellant.