Estates of Richard Wistar, deceased, and William Lewis Wistar, deceased. Appeals of G. Washington Powell and William Gorman, Executors of Richard Wistar, deceased, and G. Washington Powell and William Gorman, Executors of William Lewis Wistar, deceased.

*Executors and administrators—Administrator d. b. n.—Commissions.*

There is no set rule for executors and administrators for commissions. The rule is fair compensation for the amount and character of the labor. The responsibility involved in large estates is also an element to be compensated, though not a controlling one.

An administrator d. b. n. will be allowed commission to the amount of $35,000 on an estate of over $1,000.000, where it appears that estate consisted of over fifty properties, which were incumbered with mortgages and other liens, and all of which were sold clear of incumbrances, and that the administration consumed a vast amount of labor during a period of four years.

Argued March 23, 1899. Appeals, Nos. 44 and 45, Jan. T., 1899, by G. Washington Powell and William Gorman, executors of Richard Wistar, deceased, and G. Washington Powell and William Gorman, executors of William Lewis Wistar, deceased, from decrees of O. C. Phila. Co., Oct. T., 1894, Nos. 70 and 71, dismissing exceptions to adjudication. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Exceptions to adjudication.

The facts were stated by FERGUSON, J., the auditing judge, as follows :

In the account of the accountant as administrator c. t. a. of William Lewis Wistar's estate, he has taken credit for commissions :

Three per cent on $669,566.49    .    .    .    $20,086.99
Counsel fee to George Wharton Pepper, Esq.,    5,000.00

And in the account of Richard Wistar's estate :

Three per cent on $796,872.98    .    .    .    $23,906.19
Counsel fee to George Wharton Pepper, Esq.,    5,000.00

These commissions and counsel fees were objected to as being excessive.

There is no uniform rule upon the subject of what is proper compensation to an executor or administrator. Every case must be decided upon its own peculiar circumstances. A rate of commission that would be very liberal compensation in one case, would be entirely inadequate in another. In this case there can be no question that the labors of the accountant were very considerable and his responsibility very great. These are the two elements to be considered in fixing his compensation. The estates of the two decedents consisted almost wholly of real estate located all over the city of Philadelphia. There were upwards of fifty different pieces of this real estate sold by the accountant. In almost every instance the properties were incumbered with mortgages, arrears of taxes, municipal claims, etc. By direction of the court the properties were sold clear of incumbrances. This increased the labors of the accountant as well as his responsibility, as it necessitated paying off the mortgages as well as the other incumbrances in each case, and of course, involved making settlements, not only with the different purchasers, but also with the mortgagees, the city of Philadelphia and the other lien creditors. The amount of money that thus went through the hands of the accountant was considerably over $1,000,000. It was claimed that as this real estate was largely incumbered, all the interest the estate had therein was the equity over the mortgage, and that the commission should only be charged upon this amount, but the real estate was directed to be sold clear. This was proper for sev-

eral reasons, particularly to get rid of the testator's bonds which in each case accompanied the mortgages, and his estate could not well be finally settled with these outstanding. Thus the whole of the large sum above mentioned went through the hands of the accountant. It was not only received, but, excepting the comparatively small balance now for distribution, was disbursed by the accountant in the way of paying incumbrances and other debts and obligations of the testators. It was claimed by the executors that a very large part of the work done in this estate was done by them; that they aided and assisted the accountant in preparing for the sale of the real estate, and in every other duty he had to perform, and that, while there was a great deal of labor, he did not do it all. But, notwithstanding, the labors of the accountant in managing this large estate must have been very great and he should, of course, be adequately paid. The only question is whether the amount charged is not too much. The total amount of the commissions upon both estates aggregates $43,993.18. This is an amount of money sufficiently large to compensate for a great deal of work, and while there was, no doubt, considerable done in these estates, yet the auditing judge thinks that in view of the large amount upon which the commissions are calculated, that the sum of $35,000 would be not only compensatory but a very liberal allowance. This sum is allowed, and the accountant will be surcharged with $8,993.18, the difference.

With regard to Mr. Pepper's fees, the accountant, who is a member of the bar of very considerable experience in such matters, testified that it was exceedingly moderate compensation for the vast amount of work done for four years, and that the fees were fixed at the figures named after consultation with the senior counsel on both sides of the case. Under the circumstances the fees are allowed.

*Errors assigned* were in dismissing exceptions to adjudication.

*E. Cooper Shapley*, for appellants.—An administrator pendente lite is in the same position as a receiver: Schwartz v. Keystone Oil Co., 153 Pa. 283. The amount allowed was excessive: Baucus v. Stover, 24 Hun, 109; Hill v. Nelson, 1

Dem. (N. Y.) 357; Bedell's App., 85 Pa. 398; Stone v. Strong, 42 Ohio, 53; James v. Corker, 30 Texas, 617; Hall v. Tryon, 1 Dem. (N. Y.) 296; Moffatt v. Loughridge, 51 Miss. 211.

*George Wharton Pepper*, for appellee.—The allowance of commissions was proper in amount: Pusey v. Clemson, 9 S. & R. 204; Evans's Est., 2 W. N. C. 337; Gump's Est., 13 Phila. 495; Robb's App., 41 Pa. 49; Snyder's App., 54 Pa. 67; Semple's Est., 189 Pa. 385; Schier's App., 181 Pa. 478.

The following decisions are stated in chronological order. In each instance a statement is made of the capacity in which the commission was claimed—whether by a trustee, executor, administrator, guardian or assignee. There is no legal distinction between these various offices as far as right to commissions is concerned, but it will be observed that (as a matter of fact) the most arduous duties are usually the duties of administration, and the largest commissions are usually allowed to fiduciaries who do this class of work. The only difference in this respect between an administrator pendente lite and any other administrator is the fact that he does his work under circumstances which are peculiarly trying, and in the face of obstacles which make it especially difficult.

A and B were executors who filed separate accounts. The estate was valued at about $100,000. The services rendered by the executors were as follows: A received about $12,400, of which about $9,400 consisted only of five items. He took the goods of the estate at the appraised value, amounting to about $500, and received the residue of the $9,400 in four payments. B in his first account, amounting to $58,000 and upwards, received more than $49,000 in large payments. In his second account, amounting to $35,000 and upwards, the receipts were likewise in sums uncommonly large. There was a sale of real estate, which cost but little trouble to the executors, and the remittance to them of the proceeds of a mortgage in New York, which cost still less. Many attorneys and agents had been employed, who did all the work, and the executors in many instances had nothing to do but receive the money. Held, that a commission of five per cent was too large under all the circumstances, and three per cent of the amount coming into the hands of the executors was allowed: Pusey v. Clemson, 9 S. & R. 204.

Executorship. Estate insolvent.  The testator directed in his will that his executors should receive two per cent on the "net proceeds" of his estate, which at the time of his decease was apparently solvent, and which on the settlement turned out to be insolvent.  Extraordinary services were required of the executors.  Commissions of four per cent on the amount passing through the hands of the executors allowed: Guien's Estate, 1 Ashmead, 317.

Administration.  Personal estate amounting to $1,820.75. Real estate sold amounted to $10,443.83$\frac{3}{4}$.  Seven and one half per cent commission allowed on personal estate and three per cent upon the real estate.  Ordinary administration: Miller's Estate, 1 Ashmead's Reports, 335.

Executorship.  Amount of estate, $37,000.  Ordinary administration.  Commission three per cent.  "The number of executors does not make any difference as to rate of commission:" Walker's Estate, 9 S. & R. 223.

Guardianship.  Fund of $40,000 accumulated to $100,000 in twenty years.  Extraordinary services required of guardian. Commission of "rather less than five per cent" allowed on gross sum: In the matter of Harland's Accounts, 5 Rawle, 323.

Trusteeship.  Amount of estate $212.39.  Services consisted of paying small debts.  Commission of ten per cent allowed: Marsteller's Appeal, 4 Watts, 267.

Administration.  Amount of estate $1,753.06.  Ordinary administration.  Commission of $200, which exceeds eleven per cent declared ample: Armstrong's Estate, 6 Watts, 236.

Executorship.  Amount of estate as shown by inventory $350,000.  Ordinary administration.  Register allowed five per cent on the gross amount, which the orphans' court reduced to three per cent of amount which actually passed through the hands of the executors, which was about $175,000: Stevenson's Estate, 4 Wharton, 98.

Assigneeship.  Amount of estate $44,000.  Ordinary duties of assignee.  Two and one half per cent allowed on $44,000, the amount of real estate sold, but $13,000 actually came into the hands of the assignee, the residue continuing a lien by agreement between mortgagee and purchasers: Shunk's Appeal, 2 Pa. 304.

Administration.  Amount of estate $10,060.  Disbursements

$9,642. Ordinary administration. Commissions of $550 allowed: McFarland's Estate, 4 Pa. 149.

Assignment for benefit of creditors. Amount of inventory $99,511.45. Commissions of $5,000 allowed to trustee. Security was given by trustee in the amount of nearly $200,000, and land estimated in the inventory at less than $60,000 was sold for $97,000: Heckert's Appeal, 24 Pa. 482.

Executorship. Amount of estate $429.99. Ordinary administration. Commission of five per cent allowed: Mayberry's Appeal, 33 Pa. 258.

Administration. Amount of estate $6,527. Ordinary administration. Five per cent commissions allowed. Allowance made as though accountants had collected all the credits of the estate with which they charged themselves. " Yet upon a large portion of this they had expended no care and labor nor had they incurred any risk: " Gable's Appeal, 36 Pa. 395.

Trusteeship. Amount of real estate $90,000. Ordinary labors. Three per cent commissions: Duval's Appeal, 38 Pa. 112.

Administration. Real estate valued at $21,600 and $10,995, sold by administrator of deceased assignor and money paid to assignee. Five per cent commissions on the proceeds of sale allowed. " Ordinarily three per cent is sufficient compensation for the sale of real estate, but in this case there was much more than a sale. Besides the necessity of an application to two orphans' courts, prior claims had to be settled and money advanced in order to obtain the title, and mortgages and judgments had to be paid. The property was at a distance from home of the administrator, and of a portion of it a resale was necessary to be made: " Robb's Appeal, 41 Pa. 45.

Trusteeship. Amount of estate $4,000. The bequest was a specific one of the investment made by testator. The investment remained unchanged by trustee. Commissions not allowed on the fund itself, but only for the interest on the loan received by him, for the reason that he had incurred no responsibility or labor: McCauseland's Appeal, 38 Pa. 466.

Trusteeship. Amount of estate not given. Testatrix invested money in bond and mortgage and bequeathed bond and mortgage to trustee to be applied to use and benefit of infant sons upon their arriving at the age of twenty-one years. Commission of one and one half per cent allowed: Lukens's Appeal, 47 Pa. 356.

Executorship. Sale of real estate for $27,600. Ordinary administration. Commission of three per cent allowed. Five per cent considered too high: Snyder's Appeal, 54 Pa. 67.

Executorship. Amount of estate $163,000. The entire estate passed into the hands of the executors in the shape of interest-paying investments and stocks. There was no change or conversion of assets. Nothing required to be collected by suit. The actual duty performed was simply to give the legatees their respective portions of securities after having held them a little over two months. Three per cent commissions allowed: Whelen's Appeal, 70 Pa. 410.

Administration. Amount of estate $75,000. Ordinary administration. Two and one half per cent on real, and five per cent on personal property allowed: Eshleman's Appeal, 74 Pa. 42.

Executorship. Amount of estate $50,000. Ordinary administration, and, in addition, a trusteeship for life of a devisee and payment of an annuity. Five per cent commissions allowed: King's Estate, 11 Phila. 26.

Executorship. Amount of estate not given. Six hundred and sixty dollars commissions awarded, the latter amount being made up of five per cent on personalty and three per cent on proceeds of realty sold, and one per cent additional for extra trouble: Clark's Estate, 1 W. N. C. 316.

Executorship. Amount of estate $120,000. Ordinary administration. Five per cent commissions allowed on personal estate and two and one half per cent on proceeds of realty: Wedekind's Estate, 1 W. N. C. 418.

Executorship. Amount of estate $360,000. Ordinary administration. Two accounts filed About four and one half per cent allowed upon the principal of the personal estate. The principal of the estate consisted largely of investments made by testator remaining unconverted, together with a collection of debts due and profits realized from sales of assets of the estate. Possibility of future services as trustees for which no compensation would be allowed. Commissions held reasonable: Barclay's Estate, 2 W. N. C. 447.

Executorship and trusteeship. Amount of estate not given. Ordinary administration. "Usual compensation has been fixed at five per cent upon personalty, and from two and a half to

three per cent on realty.　This has not been departed from only under particular circumstances:" McCloskey's Estate, 2 W. N. C. 114.

Trusteeship. Amount of estate $37,000.　Ordinary duties of trustee.　Commissions of $500 allowed: Carrier's Appeal, 79 Pa. 230.

Executorship.　Amount of estate $106,000.　Ordinary administration.　Five per cent commissions allowed: Freeman's Estate, 2 W. N. C. 264.

Trusteeship. (Testamentary.) Amount of estate $204,000. The character of the property was such that it required attention, trouble and responsibility for nineteen years.　Commission on rents amounted to about $200 per year.　Two thousand dollars allowed as additional compensation, to be taken out of the corpus of the estate: Biddle's Appeal, 83 Pa. 340.

Executorship. Amount of estate $42,000.　Ordinary administration.　Thirty-seven thousand dollars of the assets remained unconverted.　Commissions of $500 and further sum of $200 on conversion of certain assets allowed: Montgomery's Appeal, 86 Pa. 230.　See Davis's App., infra.

Executorship. Amount of estate $274,500.　Ordinary labors, five per cent commissions.　Trusteeship followed executorship. Commissions of five per cent additional allowed on $30,000 of city loan for ordinary services in making collection: O'Donnell's Estate, 5 W. N. C. 534.

Executorship.　Amount of estate about $200,000.　Ordinary administration.　Commissions of five per cent allowed: Wetherill's Estate, 8 W. N. C. 238.

Assignment for benefit of creditors. Amount of estate $16,500, produced by sale of real estate.　Ordinary administration.　Two and one half per cent allowed: Brice's Appeal, 9 W. N. C. 227.

Assignment for benefit of creditors. Amount of estate $17,000. Ordinary administration.　Two and one half per cent commission allowed: Burkholder's Appeal, 94 Pa. 522.

Executorship.　Amount of estate $32,960.　Commissions of five per cent on personalty and three per cent on $12,000, the proceeds of realty, "in view of the extraordinary service rendered:" Dunlap's Estate, 9 W. N. C. 349.

Executorship.　Amount of estate $28,000.　Ordinary administration.　Twenty-five thousand dollars of the estate was not

converted, but remained in the form the executors received it. Commissions of five per cent allowed: Davis's Appeal, 100 Pa. 201.

Trusteeship.  Amount of estate $22,000.  One thousand five hundred dollars commissions upon principal allowed for ordinary services of trustee, as well as services of a strictly professional character rendered by claimant, who was a member of the bar.  Five per cent on income also allowed: Perkins's Appeal, 108 Pa. 314.

Executorship.  Account showed debits amounting to $127,000 and credits amounting to $74,000.  Extraordinary services, consisting of settlement of complicated estate involving interest of decedent in a partnership.  Labors extended through some nine years.  Four thousand dollars allowed as commissions to accountant: Stewart's Appeal, 110 Pa. 410.

Executorship.  Amount of estate $70,000. ˙ Executor also testamentary trustee.  Commissions of five per cent allowed: Rogers's Estate, 17 W. N. C. 29.

Executorship.  Amount of estate very large (more than $600,000).  Ordinary administration, but executor also trustee, Commissions of three and one third per cent allowed: Oliver's. Estate, 18 Phila. 226.

Executorship.  Amount of estate $135,000.  Ordinary administration involving winding up of partnership business.  Commissions of $5,750 allowed: Harbster's Appeal, 125 Pa. 1.

Trusteeship.  Amount of estate $380,000.  Ordinary duties of trustees.  Five per cent allowed on income and three per cent recognized as a proper commission upon the corpus of the fund, but not allowed because a case of continuous trusteeship, and cannot be charged until the trust expires or the particular trustee's relation to it ends: Bosler's Estate, 161 Pa. 467.

Trusteeship.  Amount of estate $24,000.  Less than ordinary labor.  Two and one half per cent commission allowed: Freed's Estate, 36 W. N. C. 88.

OPINION BY MR. JUSTICE MITCHELL, July 19, 1899:

William Lewis Wistar died in February, 1894, and his brother, who was his executor and sole devisee, died in the following April.  They owned a large amount of property in common, and naturally the administration of the two estates ran very

much together. The court below, therefore, for convenience, and apparently with general consent, treated them as one, and they have been argued here together.

The only question necessary for us to notice, and that briefly, is the compensation to the accountant and his counsel. This is objected to as excessive. The amount is large, but it is unquestionable that the trouble and responsibility were great. The auditing judge states that there were upwards of fifty pieces of real estate, located all over the city of Philadelphia, in almost every instance incumbered with mortgages, arrears of taxes and municipal claims. We have only to look at our own records to be reminded what persistent litigants the two decedents were, especially in resistance to claims for taxes and municipal improvements. By direction of the court the properties were sold clear of incumbrances, and this involved settlements, not only with purchasers, but with mortgagees, lien creditors, and particularly the city of Philadelphia. This general outline is sufficient to indicate the exceptional nature of the accountant's labor.

There is no set rule as to percentage on the estate in such cases. The rule is fair compensation for the amount and character of the labor. The responsibility involved in large estates is also an element to be compensated, though not a controlling one. The learned court having all the facts and circumstances before it, fixed what it deemed a fair compensation, and we see no reason to differ with its conclusions.

Appeal dismissed with costs.