# Young's Estate.

*Auditor—Auditor's findings of fact—Conclusiveness of gift—Advancement.*

The finding of an auditor confirmed by the court below that certain charges in the account books of a decedent, against his daughter, for the value of real estate conveyed to her, created the relation of debtor and creditor, and that the debt was barred by the statute of limitations, will not be disturbed where there is evidence from which the auditor might have found that the transaction was a gift and not an advancement or the creation of a debt.

*Executors and administrators—Accounts—Costs—Surcharge.*

An administrator who has not been negligent nor unfaithful in the management of the estate will not be charged with the cost of an auditorship rendered necessary by the fact that the account which he filed mingled items of administration with those of active business management of the real estate which had vested in the heirs, where it appears that the account as filed had been prepared under the advice of counsel.

*Executors and administrators—Commissions.*

Where administrators have had no unusual services to perform, a commission of four and one half per cent on personal property amounting to $263,000 was excessive. Three per cent on such amount is all that should be allowed.

Argued June 2, 1902. Appeal, No. 2, May T., 1902, by Harry P. Young, from decree of O. C. Dauphin Co., overruling exceptions to auditor's report in estate of James Young, deceased. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Decree modified.

Exceptions to report of John E. Fox, Esq., auditor. Before SIMONTON, P. J.

From the record it appeared that the personal property of the estate amounted to $263,136.77. There was also about 1,700 acres of real estate. Under an agreement with the heirs in whom the real estate had vested, the administrator carried on the business of farming. In his account which was prepared under advice of counsel, he mingled administration items with matters relating to the farming. This necessitated the appointment of an auditor. The auditor allowed commissions at the rate of five per cent. Upon exceptions the court reduced

the commissions to four and one half per cent.    The court also refused to charge the administrator with the costs of the audit.

*Errors assigned* were in overruling and sustaining certain exceptions to the auditor's report.

*M. W. Jacobs*, with him *J. W. Swartz*, for appellant, cited as to commissions: Pusey v. Clemson, 9 S. & R. 209 ; Lilly's Est., 181 Pa. 478 ; Harland's Accounts, 5 Rawle, 323 ; Heckert's App., 24 Pa. 482 ; Lloyd's Est., 82 Pa. 143 ; Walker's Est., 9 S. & R. 223 ; Stevenson's Est., 4 Wh. 98 ; Whelen's App., 70 Pa. 410 ; Eshelman's App., 74 Pa. 42 ; Davis's App., 100 Pa. 201 ; Perkins's App., 108 Pa. 314 ; Stewart's App., 110 Pa. 410 ; Harbster's App., 125 Pa. 1 ; Gilpin's Est., 138 Pa. 143 ; Shinn's Est., 166 Pa. 121 ; Ziegler's App., 4 Atl. Repr. 837 ; Kauffman's App., 20 W. N. C. 364 ; Montgomery's App., 86 Pa. 230.

Cited as to costs: Landis v. Scott, 32 Pa. 495 ; Barhite's App., 126 Pa. 404 ; Sterrett's App., 2 P. & W. 419 ; Potter v. Langstrath, 151 Pa. 216 ; Bedell's App., 87 Pa. 510.

*Samuel J. M. McCarrell*, for S. Cameron Young, appellee.

*J. H. Shopp*, with him *S. J. M. McCarrell*, for Catharine S. Dunbar, appellee.

OPINION BY MR. JUSTICE POTTER, October 13, 1902 :

The fourth assignment of error relates to the question of advancement.    The auditor in this case proceeding upon the established principle that this is always a question of intention, has found from the evidence before him that the decedent charged his daughter with the value of the real estate conveyed to her, and thus created the relation of debtor and creditor between them.    And that the debt thus created was barred by the statute of limitations.    The orphans' court confirmed this finding, and held that it was justified by the testimony.    There was evidence from which the auditor might have found that the transaction was a gift, and neither its amount nor character would have been inconsistent with this view.    But as it is,

we find no such plain mistake as would warrant us in disturbing the conclusion reached by the auditor and approved by the court below. This assignment is therefore dismissed.

The third and fifth specifications relate to the placing of the costs of the audit. It is contended on behalf of the appellant that the entire expense of the audit should be charged to the surviving administrator. But the auditor found as a fact that the administrator was not negligent, nor unfaithful in the management of the estate, and that no blame could properly be placed upon him in this respect. The auditor does find that the account filed in the orphans' court was not in proper form, in that it did not show clearly the course of administration, as distinguished from the business of farming carried on under an agreement among the heirs. But in this matter the responsibility rested upon the counsel for the administrator, by whose advice, and under whose direction the account was prepared and filed in that form. It seems singular that the accountant should not have been directed to prepare and file another and proper administration account, rather than to have referred the matter at that stage to an auditor, with the resulting heavy expense to the estate. The stating of the account was a mere matter of bookkeeping, and it could easily have been made up by any reasonably qualified accountant, under the direction of counsel for the administrator. Under the course pursued, the auditor devoted a large amount of time and labor to the performance of mere clerical work, which could quite as well have been done by the bookkeeper of the estate. This was not the fault of the administrator, however, and the court below was right in refusing to surcharge him with any portion of the costs of the audit. The third and fifth assignments are therefore dismissed.

The only question raised by the remaining assignments of error is as to the amount of the compensation allowed to the administrators in this case. The auditor found that the administrators performed their duties faithfully, and that they were entitled to the usual measure of compensation. In accordance with what he assumed to be that rule, he allowed a commission of five per cent on the total amount of the personal property which passed through the administrator's hands. This was $263,136.77, upon which the commission as thus fixed was

$13,156.84.   From this amount the court deducted $1,500, leav-
ing the compensation at $11,656.84, or about four and one half
per cent.   Even then the court evidently felt that the allow-
ance was excessive, and we are impressed in the same way.
With rare exceptions the rule that five per cent is a proper al-
lowance to an executor or administrator has been confined to
estates of comparatively modest size.   Pusey v. Clemson, 9
S. & R. 209, cited by the auditor, is not authority for the al-
lowance of five per cent commissions upon large sums.   It is
quite to the contrary, as the court there reduced the allowance
from five per cent to three per cent, upon an estate of about
$100,000.

In Walker's Estate, 9 S. & R. 223, where the estate was
$37,000, the allowance was three per cent.   In Stevenson's
Estate, 4 Whart. 98, where there was an estate of $356,000,
the auditors reported that " the executors have had duties
imposed upon them of a most distressing and onerous char-
acter, and such as rarely fall to the lot of those who exercise
that office."   Five per cent was therefore allowed by the au-
ditors, but the court below refused its sanction and reduced
the amount to three, and its action in so doing was affirmed by
this court.

In Whelen's Appeal, 70 Pa. 410, three per cent was allowed
upon $168,000.   In Lloyd's Estate, 82 Pa. 143, five per cent
was held to be excessive upon $66,000.   The cases in Pennsyl-
vania in which an allowance of five per cent has been sustained
where the estate amounted to $100,000 or more, are exceptional,
as, for instance, in Lilly's Estate, 181 Pa. 478.   There the cir-
cumstances were most unusual, as twelve of the thirteen resid-
uary legatees were satisfied that the commissions claimed were
reasonable, and filed with the auditor a request that they should
be allowed.

In fixing compensation the character of the items of which
the estate is composed, and the actual extent of the services re-
quired, should be borne in mind.   As was said in Harland's
Accounts, 5 Rawle, 329:  " To adopt the same rate in all cases
would often produce a monstrous overcharge."

In the present case, no unusual services were required of the
administrators in connection with the personalty.   In fact the
attention here bestowed was very slight.   The investments in

stocks and bonds with few exceptions remained unchanged, and were distributed in kind. The time and labor spent in the discharge of what was properly the work of administration was insignificant in comparison with that bestowed upon the conduct of the farms, which was carried forward under agreement with the heirs, and for which ample compensation was allowed by the auditor.

This estate has been unduly burdened by the unfortunate attempt which was made by agreement of all parties concerned to mingle the duties of administration with those of active business management of the real estate, which had vested in the heirs. We are not disposed to increase that burden. Under the circumstances of this case, an allowance of three per cent upon the amount of personal property will be ample remuneration for the services rendered by the administrators.

The first, second and sixth assignments of error are therefore sustained to this extent; and the decree is modified accordingly. It is ordered that the record be remitted to the court below that the schedule may be corrected and distribution made in accordance with this opinion. The costs of this appeal to be borne by the accountant, S. Cameron Young, the surviving administrator.