## Moore's Estate (No. 2).

*Executors and administrators—Trust company—Compensation.*

Where a trust company, which is an executor in an estate, performs certain acts for the estate in pursuance of its ordinary business, but entirely independent of any duty which it is required to perform as executor, it is entitled to compensation for such acts over and above its commissions as executor.

*Executors and administrators—Commissions—Ground rent.*

An executor is not entitled to a commission upon the principal or capitalized amount of a ground rent which is an incumbrance on the property, and which is included in the price of the real estate sold out of which it is payable. In such cases an executor or administrator is only entitled to a commission on the balance of the price remaining after deducting the amount of the incumbrance.

Where a deed from executors recites a consideration less than that stated in the preceding contract of sale, and it appears that the purchaser retained the difference to pay off a ground rent, the executors are entitled to commissions only on the amount recited in the deed, less incumbrances against the property sold.

*Executors and administrators—Commissions—Real estate—Personal estate.*

. There is no set rule as to percentage allowed to executors and trustees on the sale of real estate. The rule is fair compensation for the amount and character of labor performed and responsibility involved.

Where the real estate consisted of several properties, including a large hotel, and the proceeds amounted to over $1,000,000, three per cent on amount of proceeds less incumbrances was allowed as a proper compensation.

What is a fair and reasonable commission on personal estate depends upon the amount and character of the services performed and responsibility involved.

Where there is no evidence of any unusual services or trouble in the settlement of the estate, and there is nothing more than ordinary responsibility, although the estate is large in amount, three per cent will be allowed as a proper compensation.

Argued Jan. 11, 1905. Appeal, No. 167, Jan. T., 1904, by Albert H. Moore, from decree of O. C. Phila. Co., July T., 1898, No. 56, dismissing exceptions to adjudication in estate of Andrew M. Moore, deceased. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Reversed in part.

Exceptions to adjudication.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in dismissing exceptions to adjudication.

*V. Gilpin Robinson*, with him *John M. Gardner*, for appellant, cited on the question of commissions: Wedekind's Est., 11 Phila. 68; Brice's Appeal, 95 Pa. 145; Wistar's Estate, 192 Pa. 289; Young's Estate, 204 Pa. 32; Bosler's Estate, 161 Pa. 457; Thouron's Est., 182 Pa. 126; Mintzer's Est., 18 Phila. 97;

Butterbaugh's Appeal, 98 Pa. 351; Spangler's Estate, 21 Pa. 335; Hoxie's Estate, 14 Pa. C. C. Rep. 633.

*H. Gordon McCouch*, with him *O. Percy Bright, Ira Jewell Williams* and *Simpson & Brown*, for appellee, cited: Moore's Estate, 191 Pa. 600; Stevenson's Estate, 4 Whart. 98; Donat's Est., 6 Pa. Dist. Rep. 78; Semple's Est., 189 Pa. 385; Young's Estate, 204 Pa. 32; Oliver's Est., 18 Phila. 226; Wistar's Est., 192 Pa. 289.

OPINION BY MR. JUSTICE ELKIN, April 10, 1905:

The appellant contends under the first assignment of error that the accountants should not be allowed a credit of $500 claimed by them in the account filed, being the sum paid to the Fidelity Trust Company for its services in acting as trustee for the trust certificate holders, arranging the machinery of a loan, drawing up the papers, signing the certificates and acting as registrar. The auditing judge took this view and refused to allow credit for this item. The court in banc reversed the finding of the auditing judge.

All of these acts were performed by the Fidelity Trust Company in pursuance of its ordinary business and were entirely independent of any duty it was required to perform as executor. It was therefore entitled to compensation for these services. We think the amount claimed is reasonable and that credit should be allowed for the same. This assignment is overruled.

The second and third assignments deny the right of the accountants to a commission of three per cent on the sum of $100,000 being the amount retained out of the purchase price by the purchasers with which to extinguish the ground rent on the Girard House property. The auditing judge disallowed this credit. The court below reversed the auditing judge and allowed a credit of $3,000 as a commission on this sum. In this we think the learned court erred. It is settled law that an executor is not entitled to a commission upon the principal or capitalized amount of a ground rent which is an encumbrance on the property, and which is included in the price of the real estate sold out of which it is payable. In such cases an executor or administrator is only entitled to a commission on the balance of the price remaining after deducting the

amount of the encumbrance : Brolasky's Appeal, 3 Penny. 329 ; 11 Am. & Eng. Ency. of Law (2d ed.), 1299.

Under this rule of law the only question that can arise here is whether the property was sold subject to the encumbrance of the ground rent. The deed from the executors and trustees to the Gimbels, the purchasers, recited a consideration of $1,100,000. The contract price clear of encumbrances was fixed at $1,200,000, showing that the purchaser retained $100,000 from the purchase price for the purpose of extinguishing the ground rent. The deed of conveyance from the executors to the purchasers contained the following clause : " Under and subject nevertheless to the payment of the aforesaid yearly ground rent or the sum of $6,000 when and as the same shall hereafter accrue grow due and become payable." This deed was dated August 3, 1900, and acknowledged the same day. The deed extinguishing the ground rent executed by John A. Brown et al. to Jacob Gimbel et al. was dated August 4, 1900, but was not acknowledged until August 9, 1900, and could not have been delivered until on or after the latter date. These records conclusively show that the deed from the accountants to the purchasers of the property was made subject to the encumbrance of the ground rent. The auditing judge so found. He also found as a fact that the $100,000 necessary to extinguish the ground rent was paid by the purchasers of the property to the vendors of said ground rent, and not by the accountants. Under these facts the accountants are not entitled to a credit of $3,000 as a commission on the amount paid to extinguish the ground rent. These assignments are, therefore, sustained.

In the fifth, eighth and fourteenth assignments the appellant raises the question of the rate of commissions the accountants should receive on the proceeds of the real estate sold and accounted for. The auditing judge reduced the rate of the commissions claimed by the accountants on the proceeds of the sale of the Oxford and Arch street properties, to two and one half per cent. The court below fixed the rate of commissions on all real estate accounted for and on which commissions were allowed, at three per cent. The auditing judge allowed three per cent on the proceeds of the sale of the Girard House property and the evidence does not disclose any sufficient reason

why the accountants should not be allowed the same rate on the proceeds arising from the sale of other real estate. We do not agree with the learned court below in saying that there is a minimum rate fixed by rule of law. There is no set rule as to percentage on the estate in such cases. The rule is fair compensation for the amount and character of labor performed and responsibility involved: Wistar's Estate, 192 Pa. 289; Young's Appeal, 204 Pa. 32. In this case we think three per cent on the proceeds arising from the sale of all real estate, less encumbrances, is a reasonable compensation for the responsibility, services and trouble of the accountants.

The question of the amount on which commissions should be allowed will be discussed in the appeal at No. 276, January Term, 1904.

Under the sixth and fifteenth assignments it is contended by appellant that the court below erred in increasing the rate of commission on the personal property from three per cent, as fixed by the auditing judge, to three and one half per cent, being the rate claimed by the accountants. What is a fair and reasonable compensation depends upon the amount and character of the services performed and responsibility involved. The auditing judge has found as a fact that there was no evidence of any unusual services or trouble in the settlement of the estate and that there was nothing more than ordinary responsibility. Keeping this in view he fixed the rate of compensation on personal property at three per cent. After careful examination of the evidence we fail to discover that the accountants performed any unusual or extraordinary services. In Young's Estate, 204 Pa. 32, the commission claimed by the executor was reduced from four and one half per cent to three per cent, and this court affirmed that case. Under the facts of the case at bar we do not feel disposed to disturb the ruling of the auditing judge in this respect. This assignment is sustained.

The other assignments of error are without merit and are dismissed.

It is ordered that the record be remitted to the court below in order that the schedule may be corrected and distribution made in accordance with this opinion, the costs to be paid out of the estate.