**FIDELITY–PHILADELPHIA TRUST
CO. et al.
v.
UNITED STATES.
No. 13890.**

United States District Court,
E. D. Pennsylvania.

June 23, 1954.

John Anthony Day, Philadelphia, Pa., for plaintiffs.

H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe, David A. Wilson, Sp. Assts. to the Atty. Gen., W. Wilson White, U. S. Atty., Philadelphia, Pa., for defendant.

CLARY, District Judge.

This is an action for the recovery of estate taxes paid in the Estate of Anna C. Burr, deceased. The facts have been stipulated by the parties and the Stipulation, as filed, is adopted as the Findings of Fact of the Court. In brief summary, they are as follows:

Anna C. Burr, died March 6, 1942, a resident of Philadelphia, Pennsylvania. The executors of her will, plaintiffs herein, timely filed their Federal Estate Tax Return on June 3, 1943, showing an estate tax due of $132,938.45, which amount was paid. Upon review, the Internal Revenue Agent in Charge determined a deficiency of $11,171.85, which additional amount was paid plus interest of $783.87 on September 20, 1944. The basis of the deficiency was a disallowance of the amount of $18,285.33 of a claimed deduction of $79,366.31 executors' commissions, reducing the allowance to $61,080.98. $79,366.31, the amount agreed to by the executors and the only person in interest under the terms of the will, the residuary legatee, was actually paid

to the executors and was reflected in the account of the executors filed in the Orphans' Court of Philadelphia and called for audit January 11, 1943. That court in an adjudication by Hunter, J. dated January 25, 1943, passed upon the objection of the Commonwealth of Pennsylvania to the amount of executors' commissions therein claimed. The Commonwealth contended that the commissions were excessive and, since the commissions had a direct bearing on the amount of commonwealth inheritance taxes legally due, asked the court to reduce them from 4% to 3%. The legal question there involved was determined by the court in the following language:

"After careful consideration I am unable to find in the services and responsibility of these executors and trustees justification for commissions of 4% against the claim of the Commonwealth. While valuable services have and will be rendered to the estate, I am convinced that they are not so extraordinary as to warrant such allowance in an estate of this size. *I find that 3% is fair compensation.*

Insofar as concerns the residuary beneficiary, the commissions will stand, as stated in the account, *because of its approval,* but as to the Commonwealth in its claim for transfer inheritance tax the executors are surcharged with commissions at 1%." (Emphasis added.)

In its audit the Internal Revenue Bureau adopted as a proper deduction for federal estate taxes the executors' commissions at the rate allowed by Judge Hunter as a deduction against the state inheritance tax. The stated disallowance increased the estate taxes due to the Government which, as aforesaid, were actually paid with interest and this action for refund resulted.

The claim of the plaintiffs here is based upon two rulings of the Tax Court of the United States; Estate of Cardeza, 5 T.C. 202, and Estate of Freed, 6 T.C.M. 216. In the Cardeza case the facts appear to be substantially identical with the present facts. That case, before the Tax Court, involved redetermination of a deficiency of $2,345,759.09 in estate taxes which the Commissioner claimed were due from the estate. One of the minor issues involved was a claimed deduction of $22,180.35 for executor's fee whereas the Commissioner allowed only $13,808.21, the amount also allowed by the Orphans Court as a deduction for Pennsylvania inheritance tax purposes. Without any extended discussion the Tax Court allowed the full deduction, *since it had actually been paid,* basing its finding upon part of Regulation 105 § 81.33 of the Treasury Department, reading as follows:

"The executor or administrator, in filing the return, may deduct his commissions in such an amount as has actually been paid * * *"

This decision of the Tax Court was appealed by both the Commissioner and the taxpayer to the United States Court of Appeals for the Third Circuit. Understandably this minor item was not included in any of the assignments of error and our Court of Appeals was not asked to pass upon this particular phase of the case. In its opinion, reported at 173 F.2d 19, 9 A.L.R.2d 1368, the action of the Tax Court was affirmed. However, both parties to this action agree that the question here involved was not at issue before the Court of Appeals. There is, therefore, no appellate authority for the proposition of law contended for by the plaintiffs in this action.

The Tax Court in the Freed case, relying upon its decision in the Cardeza case and again stating that the Commissioner should follow his own regulations, allowed deduction of the executor's commission actually paid which was computed at a higher rate than that determined by the Commissioner to be reasonable. There is no indication in Judge Harron's opinion that there had been any contest in the Orphans Court as to the reasonableness of the full allowance. It rather appears that the Commissioner independently made a determination of "reasonableness". It would seem, therefore, that

the Cardeza case is the only case directly in point with the instant case and in which there had been a prior adjudication in a state court.

 In determining the question involved in this case we fully recognize that the amount an executor may charge as a commission in Pennsylvania is not governed by statute. In all cases the standard of compensation allowed is fixed by decisional law and in accordance with the responsibility incurred and the services and labor performed. See Gardner's Estate, 323 Pa. 229, 185 A. 804; Harrison's Estate, 217 Pa. 207, 66 A. 354, and Young's Estate, 204 Pa. 32, 53 A. 511. Each case is decided strictly on the merits of the particular facts and circumstances involved. The standard has always been "fair compensation". On the other hand, the deductions allowed by Federal statute for estate tax purposes are fixed by statute, 26 U.S.C.A. § 812 (b), and Treasury Regulations issued thereunder. To the extent that the regulations implement the statute they have the force and effect of law, Spreckels v. C. I. R., 9 Cir., 119 F.2d, 667, affirmed 315 U.S. 626, 62 S.Ct. 777, 86 L.Ed. 103. The statute, explicit as to deductions for estate tax purposes, of necessity encompasses many items and elements. As it affects the instant situation it reads as follows:

"§ 812. Net estate

"For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—* * *

"(b) Expenses, losses, indebtedness and taxes. Such amounts— * * *

"(2) for administration expenses, * * * as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered * * *."

Implementing this section of the statute is Treasury Regulation 105 § 81.33, its pertinent part reading in full as follows:

"Executor's Commissions.

"The executor or administrator, in filing the return, may deduct his commissions in such an amount as has actually been paid or in an amount which at the time of such filing it is reasonably expected will be paid, but no deduction may be taken if no commissions are to be collected. In the case the amount of the commissions has not been fixed by decree of the proper court, the deduction will be allowed on the final audit of the return provided: (1) That the Commissioner is reasonably satisfied that the commissions claimed will be paid; (2) that the amount entered as a deduction is within the amount allowable by the laws of the jurisdiction wherein the estate is being administered; and (3) that it is in accordance with the usually accepted practice in such jurisdiction to allow such an amount in estates of similar size and character. If the deduction is disallowed in whole or in part on final audit, the disallowance will be subject to modification as the facts may later require. If the deduction is allowed in advance of payment and payment is thereafter waived, it shall be the duty of the executor to notify the Commissioner and to pay the resulting tax together with interest * * * *"

██ I would have no hesitation in following the decision in the Cardeza case were I, as did the Tax Court, to apply a literal interpretation to the first quoted portion of Treasury Regulation 105 § 81.33. If the standard is "the amount as has actually been paid", without any reference to the remaining part of the regulation and the statute, then the decision of the Tax Court is right. I do not so interpret the regulation. The regulation implements the statute and cannot vitiate or change the statute. If possible, it must be interpreted consistently with Congressional mandate, but, if in derogation of the statute, it must be declared void as beyond the power of

the Commissioner to so regulate. There is possible a simple logical interpretation of Regulation 105 § 81.33 that does no violence to the statute. My interpretation of the particular section held applicable in the Cardeza case includes the words of the statute "as are allowed by the laws of the jurisdiction". Read in that context, the standard of the jurisdiction involved—in this case, Pennsylvania, would be properly applied. To hold otherwise would place an interpretation on the regulation which would in effect negate the very wording of the statute. There would be then no fixed quantitative measure of the deduction to be allowed. The fact that Judge Hunter permitted the full payment to "stand", he did *not* approve it, is easy to understand. Courts are loath to force persons to litigate. In the instant case, when this estate was before Judge Hunter in the Orphans Court there was no dispute between the executors and the legatee. The legatee was satisfied to pay to the executors, the then accountants, a fee higher than the court adjudged proper under the standards fixed by the law of Pennsylvania. A reading of the adjudication, one of the exhibits to the stipulated facts in the case, shows clearly that the court in permitting the total executors' commission to "stand" as a deduction for accounting purposes expressly decided that the higher sum was not one "allowed by the laws of Pennsylvania", under the Pennsylvania standard of "fair compensation". In effect, the court merely stated that if the legatee wanted to pay more than the services were worth under the applicable law, he would not in his adjudication void an agreement to that effect between the parties. If actual payments to the executors in any estate are to be determined as the standard of deductions for federal estate tax purposes, the statute is meaningless. Such a holding would permit, by agreement of the parties involved, payments of not only 3, 4 and 5 per cent but 10, 20, or even 30 per cent. This absurd result certainly was never intended but it is logically inescapable if the rule contended for by plaintiffs herein is to be adopted. In the later part of the regulation, not referred to in either the Cardeza or the Freed cases, where the amount of commissions has not been fixed by a decree of a proper court, the Commissioner sets up standards which are strictly in accord with the statute "such amounts as are allowed by the laws of the jurisdiction". To hold that that provision of the statute is not applicable to the first part of the regulation is to do violence to the ordinary rules of construction.

██ I hold that the regulation as worded is valid, that it is in accordance with law, and that the words "as have actually been paid" are modified by the words of the statute, implicit therein, "as are allowed by the laws of the jurisdiction". The Commissioner, therefore, in his calculation of tax due permitted deduction of the total amount of executors' commissions "allowed by law". His action was proper, the assessment was proper, and the taxpayers have paid only what they owed. No refund is due.

### Conclusions of Law

1. The Court has jurisdiction of the parties and the subject matter of this action.

2. The allowed deduction of $61,080.98 for executors' commissions represented fair compensation under Pennsylvania law, was the amount allowed by the law of the jurisdiction under which the estate was administered and was in strict accord with Section 812 of the Revenue Code, 26 U.S.C., as well as Treasury Regulation 105 § 81.33 promulgated thereunder.

3. The plaintiffs were not entitled to deduct the claimed commission of $79,366.31.

4. The deficiency tax of $11,171.85 together with interest of $783.87 was lawfully assessed and collected by the Commissioner of Internal Revenue.

5. The plaintiffs are not entitled to recover.

6. Defendant is entitled to judgment.

An appropriate order will be entered.