## Tidball's Estate.

*Trusts and trustees—Conditions—Compensation.*

The question of what is a reasonable compensation to trustees depends largely upon the circumstances of each particular case, and cannot be determined by an inflexible rule; while in practice it is usually claimed and awarded as a commission, the rate is not determined by an established rule. It may be graduated according to the responsibility incurred, the amount of the estate, and the extent of the services necessarily performed.

Where a trustee has received five per cent on $20,000 of income from real estate held in trust and valued at $80,000, and $75.00 counsel fee, he will not be entitled to receive an additional compensation of $800 commissions and $200 counsel fee for the mere act of executing deeds under a decree of the court to the persons entitled to the corpus of the estate. In such a case $200 commissions and $200 counsel fee are sufficient.

Argued May 11, 1905. Appeal, No. 202, April T., 1905, by Frank Tidball et al., from judgment of O. C. Lawrence Co., Sept. T. 1904, No. 24, for defendant on case stated in estate of David Tidball. Before BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Decree modified.

Case stated to determine compensation of trustee. Before WALLACE, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was the decree of the court.

*J. Norman Martin,* with him *S. W. Dana,* for appellant.

*H. K. Gregory,* with him *T. W. Dickey,* for appellee, cited: Montgomery's App., 86 Pa. 230; McElhenny's App., 46 Pa. 347; Perkins's App., 108 Pa. 314; Casely's Estate, 23 Pa. Superior Ct. 646; Woods' App., 86 Pa. 346; Biddle's App., 83 Pa. 340; Bosler's Estate, 161 Pa. 457; Twaddell's App., 81* Pa. 221; McKown's Est., 17 Pa. Superior Ct. 253; Kalbfell's Est., 17 Pa. Superior Ct. 255.

OPINION BY ORLADY, J., November 20, 1905:

The only controversy in this appeal is in regard to the amount the trustee is entitled to receive as compensation for

himself and his counsel. During the time he rendered active service in the care and management of the property he filed four separate accounts, embracing all the rentals coming to his hands as trustee from April 14, 1900 (the date of David Tidball's death), to September 8, 1904, which aggregated $19,621.43, and reserved a commission thereon of five per centum, and in addition thereto the sum of $75.00 for services rendered by his attorneys.

The trustee had general supervision of the property which consisted of " The Leslie House,"—which was occupied as a hotel—and by eight several tenants. After paying the taxes, insurance and for repairs to the premises, he distributed the balances in his hands to the persons entitled to receive the same.

On September 7, 1904, all the persons interested in the property and estate of David Tidball, deceased, agreed among themselves that they owned the Leslie House property in certain specified proportions, and elected each for himself and jointly with all the others to take that property as land; to have and to hold the same to themselves, their heirs and assigns forever in lieu of any legacy or provision given or made under the will of David Tidball, deceased. These facts were presented to the orphans' court by a petition signed by all the parties, and it appearing to the court to be for the best interest of the petitioners that the arrangement should be carried into effect, it was decreed that the trustee should make, execute and deliver a deed for the property to the parties, and in the proportions mentioned, which deed was subsequently prepared by the attorneys for the trustee, who then executed and delivered it in compliance with the decree. The property was valued at $80,000, and the trustee claimed as compensation for his services as trustee and for his attorneys out of the corpus of the estate. The court below fixed the compensation at one per centum, or $800, and the sum of $200 as attorney's fees. The case stated does not allege that the trustee rendered service of any kind in effecting the family settlement of this estate, which result was secured by the efforts of the petitioners, and neither time nor money was expended, nor was any responsibility incurred by the trustee. He was fully protected by the decree of the court, to which he assented, and it would have been

futile for him to have resisted its enforcement.   For the services rendered by him under the decree of the court he is entitled to a reasonable compensation, but for these alone, but we cannot agree with the learned court below that one per cent on $80,000 for executing and delivering the deed and surrendering the trust property to the real owners under the circumstances is a reasonable allowance.   The termination of the trust by the change of the title was at the request of the petitioners and was in their interest, so that the reasonable expenses incurred in effecting this should be paid by them.

The question of what is a reasonable compensation to trustees depends largely upon the circumstances of each particular case, and cannot be determined by any inflexible rule, while in practice it is usually claimed and awarded as a commission, the rate is not determined by any established rule.   It may be graduated according to the responsibility incurred, the amount of the estate, and the extent of the services necessarily performed: Perkins's Appeal, 108 Pa. 314.   The facts necessary to fix the trustee's compensation are as fully before this court as they were before the court below, and in dealing with the case stated as presented we conclude that the sum of $200 is a reasonable compensation for the trustee, and the further sum of $200 to Gregory and Dickey, Esqrs., as his counsel and attorney fees, in all the sum of $400, which should be paid from the corpus of the estate.   As thus modified the decree is affirmed.   The costs of this appeal to be paid by the trustee.