## O'Brien's Estate.

*Executors and administrators—Commissions—Unconverted securities—Trusts and trustees.*

Where a testator appoints the same person as executor and trustee, and directs that certain shares of stock appraised at $17,500 shall be held in trust for five years, and then transferred and delivered to testator's son absolutely and the executor has no onerous duties to perform, an allowance to the executor, upon the audit of his account as executor, of three per cent on the appraised value of the stock, is a proper one and the decree allowing it will not be reversed by the appellate court.

Argued Oct. 14, 1914. Appeal, No. 54, Oct. T., 1914, by William F. Brennan, Executor, dismissing exceptions to adjudication in Estate of John O'Brien, deceased. Be-

fore RICE, P. J., ORLADY, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Exceptions to adjudication.

The adjudication filed by GUMMEY, J., was in part as follows:

Objection was also made to the commissions credited in the account in the sum of $1,207.32, being five per cent on $24,146.31, of which $17,500 represents 175 shares of stock of the American News Company, appraised at the par value of $100 per share. The services rendered by Mr. Brennan are set forth in his statement hereto annexed, from which it appears that he rendered no unusual services except in connection with the contest over the probate of the alleged codicil above referred to and the making of careful inquiry into the value of ten shares of stock of the Columbus Securities Company and ten shares of stock of the Burgoyne-Bingham Company, the latter company being in process of liquidation and the former having had receivers appointed for it subsequent to testator's death. While commissions are frequently, indeed usually, allowed upon unconverted securities, yet the fact that they have not been converted is to be taken into consideration in determining the rate at which commissions should be allowed. In the present instance, as the stock is specifically bequeathed, whatever commissions are allowed must be borne by the residuary legatees, or rather by the trust estate for John O'Brien, as there are not sufficient assets to pay in full the bequest for his use. The chief responsibility which an executor must assume with respect to stock belonging to his testator's estate is in ascertaining, first, whether the stock is of such a character that it should be held or sold, and if the latter, then to exercise discretion in determining the time to sell; but in the present instance responsibility is reduced to a minimum, the only obligation imposed

on the accountant being to keep the stock safely and to transfer it (all except five shares), to himself as testamentary trustee. Counsel for the accountant urges that the auditing judge should take into consideration, in fixing the compensation to be allowed the accountant, the fact that upon the termination of the trust he will not be entitled to any further commissions on principal. This may be conceded as being the usual rule, but here, again, the services to be rendered by the trustee are not likely to be very burdensome, so far as principal is concerned, as the trust has less than four years to run; and so far as income is concerned, the accountant will, of course, be entitled to commissions on any dividends received while the trust continues. Commissions of two and one-half per cent are usually allowed for responsibility (Oliver's Estate, 20 W. N. 318; Wooten's Estate, 21 Pa. Dist. Rep. 1035), and if to this is added one-half of one per cent the auditing judge is of the opinion that the accountant will be amply compensated for services rendered and to be rendered in connection with this stock; and with regard to the other assets, the auditing judge believes that commissions should be allowed at the usual rate of five per cent; awards will therefore be made accordingly. In reaching this conclusion the auditing judge assumed that the stock is worth its appraised value, no testimony having been submitted to show the contrary.

On exceptions ANDERSON, J., filed an opinion as follows:

Exceptions were also filed on the subject of commissions, by the executor against the reduction of commissions to three per cent, and by the pecuniary legatee against the allowance of any commissions on the specific legacies on the ground that no services had been rendered with respect thereto that justified compensation at this time.

The argument on behalf of the accountant was founded largely on the fact that as trustee he would hold the stock for five years, and under the act of assembly would be unable to get other commissions than those now allowed. We think, however, that the question here is not one of commissions, but rather compensation under the peculiar facts of this case. The specific legacy on which the commissions were claimed has not been, and in all probability will not be, converted by the executor either as executor or as trustee. As said by Mr. Justice STRONG in McCauseland's Appeal, 38 Pa. 466, "Commissions are given as a compensation for labor and responsibility, and where neither the one has been performed, nor the other incurred, there is nothing to be compensated." And by Mr. Justice GORDON, in Montgomery's Appeal, 86 Pa. 230, "The compensation of a trustee of any character may be arrived at, as a matter of convenience, by way of a percentage on the amount of the receipts and disbursements. But after all, on all authorities, it is a question not of percentage but of compensation. . . . Whilst a percentage is constantly spoken of and used because of its convenience, yet, it is compensation, nothing more or less, that is steadily kept in view." See also Taylor's Estate, 17 Pa. Dist. Rep. 395. We think under the circumstances of this case, the sum of $250 would fully compensate the trustee for any labor and responsibility in reference to the stock to be retained by him as trustee. As to the specific legacy deliverable to the legatee, we think the compensation allowed by the auditing judge, three per cent of the appraised value, is neither too large nor too small for the trouble which the accountant will have in transferring the stock.

*Errors assigned* were in dismissing exceptions to adjudication.

*Horace M. Rumsey*, for appellant.—The executor of this estate, who is also the testamentary trustee, is

entitled to a commission of five per cent on the corpus of the estate, including unconverted securities: Davis's App., 100 Pa. 201; King's Estate, 11 Phila. 26; Barclay's Est., 2 W. N. C. 447; Oliver's Est., 18 Phila. 226; Lilly's Est., 181 Pa. 478; Harrison's Est., 217 Pa. 207; Heckert's App., 24 Pa. 482; Montgomery's App., 86 Pa. 230; Perkin's App., 108 Pa. 314; Bosler's Est., 161 Pa. 457; Sinnott's Est., 224 Pa. 333; Whelen's App., 70 Pa. 410; Sunderland's Est., 203 Pa. 155; Taylor's Est., 17 Pa. Dist. Rep. 395; Wooten's Est., 21 Pa. Dist. Rep. 1035.

*James P. Lafferty*, for appellee, cited: McNulty's Est., 230 Pa. 387; Wister's Est., 192 Pa. 289; Kline's Est., 49 Pa. Superior Ct. 122; Hoffer's Est., 156 Pa. 473; Harrison's Est., 217 Pa. 207; Montgomery's App., 86 Pa. 230; McCauseland's App., 38 Pa. 466.

OPINION BY HEAD, J., February 24, 1915:

It is doubtless true many cases may be cited which speak of the commissions or percentage due to an executor or trustee for services rendered in the discharge of official duty. But it is equally clear that whenever it has been necessary to define the legal status of a trustee in this respect, the courts have uniformly held that what such trustee is by law entitled to receive is compensation for responsibility necessarily assumed and services performed in the execution of the trust: Harland's Accounts, 5 Rawle, 323; Montgomery's App., 86 Pa. 230; Harrison's Est., 217 Pa. 207. In the case last cited Mr. Justice MESTREZAT reviews the decisions and clearly points out the reasons on which the true rule rests. It follows the major proposition advanced by the able counsel for the appellant, to wit, "The executor of this estate, who is also a testamentary trustee, is entitled to a commission of five per cent of the corpus of the estate, etc.," cannot be accepted as a strictly accurate statement of the rule.

We may concede that in most respects, save perhaps

in the probable duration of the trust and the difficulty of ascertaining the heirs who might ultimately be entitled, Davis's App., 100 Pa. 201, resembles the case at bar. There the learned orphans' court, in view of all of the circumstances, fixed the compensation of the executor trustee at a sum equal to five per cent of the corpus of the estate. On appeal, the Supreme Court said: "In view of all of the circumstances it is not clear that the amount allowed was unreasonable."

So in the present case, where the learned court below fixed the compensation of the appellant at less than five per cent, we are compelled to say, after an examination of the entire record and arguments of counsel, it has not been made clear to us that there has been any abuse of discretion or that the compensation fixed by the court below is unreasonable.

The decree is affirmed.