## Trust Companies' Deposits of Trust Estates.

*Trust companies — Deposit of trust funds — Co-trustees—Act of May 9, 1889, P. L. 159.*

Where a trust company is a co-trustee or co-executor with another of a trust estate, it must transfer the funds of the estate to another depository, and no agreement or arrangement which it may make with its co-trustee or co-executor can relieve it of this duty.

Department of Justice. Opinion to Hon. Peter G. Cameron, Secretary of Banking.

ANDERSON, Dep. Att'y-Gen., May 26, 1926.—Your communication of May 24, 1926, relative to a trust company in Erie which is incorporated under the Act of April 29, 1874, P. L. 73, and has accepted the provisions of the Act of May 9, 1889, P. L. 159, has been duly received.

Trust Companies' Deposits of Trust Estates.

The trust company in question is the co-executor with two individuals of a decedent's estate, one of whose assets is a large sum of money which was on deposit with the trust company at the time when the decedent died. That deposit still remains with the trust company in the name of the estate. The executors do not intend to invest the money so deposited, but do intend within a few months to use it for distribution to the several beneficiaries under the terms of the decedent's will.

The question upon which you ask an opinion is whether the trust company, under the foregoing circumstances, may lawfully retain possession of the funds so deposited.

The law on this subject is clear and certain. By the Act of May 9, 1889, P. L. 159, trust companies are required to keep trust funds separate and apart from their assets. Under this legislation, your department has heretofore required all trust funds to be deposited in a separate banking institution.

In Harrison's Estate, 217 Pa. 207, our Supreme Court said: "It should be understood by trust companies, as well as individuals, that the position of a trustee is not to be sought or granted for the purpose of profit."

In Adams's Estate, 221 Pa. 77, it was decided that "the joint receipt of trust funds imposes upon co-trustees a joint liability."

In re National Bank of Germantown, 30 Dist. R. 603, the Orphans' Court of Philadelphia County refused to approve national banks for appointment in fiduciary capacities, where it appeared that such banks, acting under their Federal authority, did not segregate trust funds committed to their control. In an opinion rendered to your department by Deputy Attorney-General Myers under date of Aug. 16, 1920, attention was called to the fact that "A regulation of the Banking Department of the Commonwealth of Pennsylvania and a well-settled practice with relation to trust funds in this Commonwealth is that all such funds be absolutely segregated; and uninvested trust funds shall be deposited in some other institution, properly earmarked as trust funds."

Mr. Myers was of opinion that if any national bank refused to comply with the regulations of your department relative to fiduciary business, you might compel such compliance or restrain such a bank from transacting any fiduciary business until it complies with the regulations of your department relating to the deposit of uninvested trust funds: 30 Dist. R. 63.

Moneys deposited by customers of a trust company for investment in mortgages upon real estate, for which the company issues "mortgage trust fund certificates," are such trust funds as must be kept separate and apart from the assets of the trust company, in accordance with the provisions of section 5 of the Act of May 9, 1889, P. L. 169: Investment of Funds by Trust Companies, 2 D. & C. 59.

Where a trust company is a co-trustee with another and shares in the actual control or custody of the securities of a trust estate, or has a liability with respect thereto, such securities should be included in the trust estates to be reported and submitted to the Banking Department for examination: Trust Companies Acting as Co-Trustees, 2 D. & C. 584.

In view of the foregoing authorities, you are advised that the trust company in question must transfer the funds of the estate of which it is a co-executor to another depository, and that no agreement or arrangement which its two co-executors may make with it can relieve it of this duty. Your department has full authority to require the performance by the trust company of this duty.

From C. P. Addams, Harrisburg, Pa.