REYNOLDS D. BROWN, ADMINISTRATOR, ESTATE OF HENRY W. BROWN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 33042. Promulgated June 13, 1930.

*Reynolds D. Brown, Esq.*, pro se.
*Frank T. Horner, Esq.*, for the respondent.

48

OPINION.

ARUNDELL: Petitioner claims as a deduction from decedent's gross estate the sum of $25,000 paid to the Provident Trust Co., Trustee, under the trust agreement executed by the decedent before his death. The deduction of this amount is sought either on the ground that it is an administration expense or a claim against the estate.

As set forth in the findings of fact, the decedent some time prior to his death created a trust estate and conveyed to it property having a value of more than $2,000,000. The Provident Trust Co. was the custodian of these funds and one of the trustees under the trust instrument. In determining the value of the decedent's estate for the purpose of computing the tax due under the Revenue Act of 1924, there was added to decedent's gross estate at the time of his death the value of the property theretofore conveyed by decedent in trust. No objection to this is made by petitioner.

The evidence, in our opinion, does not establish that any part of the sum of $25,000 was for services rendered to decedent apart from the trust established by him, and we do not believe that the amount can properly be characterized as a claim against the decedent. Cf. *Hill* v. *Grisson*, 299 Fed. 641. It is equally difficult to characterize the amount paid as an administration expense, but we do not find it necessary to pass on that question directly. As we view it, the sum of $25,000 was paid to the Provident Trust Co. for services rendered in receiving and administering the trust estate, and there existed against the trust estate a liability to the Provident Trust Co. for reasonable compensation for the services rendered by it. The Pennsylvania law fixes no rate of compensation for trustees, the amount allowable being determined according to the circumstances of each case. *In re Harrison's Estate*, 217 Pa. 207; 66 Atl. 354. But from the testimony of a trust officer of the Provident Trust Co. and considering the size of the trust fund, we have no doubt that the sum paid to the trustee was well within the amount that would be

awarded by the Pennsylvania courts as reasonable compensation. The fact that the Provident Trust Co. had submitted no account prior to decedent's death is not material, for we are not concerned with the time any item may be deducted, but solely with the value of the trust estate and in determining that value, outstanding liabilities and claims of all sorts against the estate must be taken into consideration.

The next question for consideration is the claim for a deduction of the amount of $220,805.98 for the erection of a church. This is claimed under section 303(a)(3) of the 1924 Act, which allows the deduction of:

The amount of all bequests, legacies, devises, or transfers * * * to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes * * * or to a trustee or trustees * * * exclusively for religious, charitable, scientific, literary, or educational purposes * * *.

The trust instrument here involved does not designate the beneficiary, and if a private trust were claimed under it the claim would undoubtedly fail because of uncertainty. The law is more lenient in the case of charitable trusts and, generally, it is as stated in *Clayton* v. *Hallett*, 30 Colo. 231; 70 Pac. 429, 434:

Though the beneficiaries are described in an indefinite and uncertain manner, the courts will enforce the bequests and uphold the trust if by any means the beneficiaries are ascertainable. If the question of the designation of the beneficiaries is left to trustees, it is no objection to the validity of the trust, and it is only in cases where the beneficiaries named are so vague and uncertain that courts are incapable of executing the trust that the trust is declared to be invalid.

The law of Pennsylvania is particularly liberal in this respect. See *Vidal* v. *Girard*, 43 U. S. 126, 196, and footnote to *Wheeler* v. *Smith*, 50 U. S. 55; *In re Dulles' Estate*, 218 Pa. 162; 67 Atl. 49. In all of the above cases it was clear that the settlor intended to create a charitable trust and it was only necessary to search for the object of his intent. In the present case there is nothing whatever in the trust instrument to indicate any charitable intent on the part of the decedent. There is not even the exceedingly indefinite intent which was expressed in *Dulles' Estate*, *supra*, where the testator left the residue to her executors to be distributed " among such religious, charitable and benevolent . purposes and objects or institutions as in their discretion shall be best and proper." Here, the only limitation on the trustees' discretion is that they bear in mind " the ideals of the said settlor with reference to the ownership of money and to the ideas on the general subject as expressed from time to time." We can not find in these words anything that a court could lay hold of and execute as a charitable trust. Even in Penn-

sylvania where, as we have shown, the courts will seldom allow a charitable trust to fail for indefiniteness, the decisions do not go so far as we are asked to go here. In the case of *In re Kinike's Estate*, 155 Pa. St. 101; 25 Atl. 1016, it is said:

So long as the gift is to be a charitable use, the discretion reposed in the trustee may be coextensive with the disposing power of the donor himself. This is subject to the qualification that the *discretion must be restricted to a purpose which is "charitable"* in the technical meaning of the word. *If it can by any possibility be exercised outside of the limits of that definition, it is invalid.* (Italics supplied.)

The instrument before us contains nothing which would restrict the discretion of the trustees to any charitable trust. Testimony was received to show that the decedent in his lifetime had spoken of the erection of a memorial church, but whether this constituted one of his ideals as to " the ownership of money " and was in line with his " ideas on the general subject " is not shown by the evidence. What were the decedent's ideals as to the ownership of money, and did the building of a church have anything to do with them? It is difficult to see the connection and in our opinion the evidence falls short of establishing it.

The trustees also distributed $3,000 to a church in Delaware and $1,000 to a Y. M. C. A. and deductions for these sums are asked. These amounts were paid to the trustees under the same general powers as those under which the church mentioned above was erected and which we hold do not constitute a charitable trust. Accordingly, the respondent is sustained in disallowing the deductions claimed.

The last question to be decided arises out of respondent's claim that his allowance of a deduction of $18,750 which was paid out of the trust fund to St. Anne's Protestant Episcopal Church was erroneous because the gift was conditioned upon the right of the trustees to revoke it within ten years if they deemed the church not to have complied with the conditions of the gift. A gift coupled with a condition does not necessarily invalidate it. For example, a gift of bonds *in praesenti* is not invalid because coupled with a condition that the bonds should revert to the donor upon the death of the donee. *Hynes* v. *White* (Cal. Civ. App.) 190 Pac. 836. A gift *inter vivos* of money is not invalid because of the fact that the donee promised to let the donor have part of it if he recovered from his illness. *Waite* v. *Grubbe*, 43 Oreg. 406; 73 Pac. 206. The agreement on the part of the donee to pay interest to the donor is not such a condition as will defeat a gift. *Miller* v. *Western College*, 177 Ill. 280; 52 N. E. 432. And where the use of property is given so long as it continues to be used for certain purposes, the donor in

seeking a reversion must establish the breach of the condition as a fact. A forfeiture will not be worked at the mere whim of the donor. *Bekins* v. *Smith*, 37 Cal. App. 222; 174 Pac. 96. There is no evidence here of any act on the part of the donee which would give the trustees any right to claim a forfeiture, and as long as the money has been paid over to it and devoted to charitable uses in accordance with the clearly expressed intent of the settlor, it is our opinion that it should not be disallowed as a deduction. Cf. *Stockton* v. *Lederer*, 260 U. S. 3.

*Decision will be entered under Rule 50.*