## Gratz Estate

*George T. Butler,* for accountants.

*Morris H. Fussell,* for exceptant.

VAN RODEN, P. J., April 1, 1949.—Decedent died June 20, 1939. By his will, he devised and bequeathed his residuary estate in trust for the benefit of his sister, Ella Gratz Gillett, for life, with remainder to be divided among six specifically named charities. The life tenant died June 9, 1948, which event terminated the trust and matured the fund for distribution. The first and final account of the trustees has been confronted by exceptions filed on behalf of the Children's Country Week Association, one of the residuary charitable legatees. The said exceptions relate to the credit claimed by the accountants for commissions on principal personalty, valued at $242,140.38, computed at the rate of three percent, or $7,264.21.

Exceptant contends that the accountants are in effect seeking double compensation, since as executors they claimed and received a commission on principal personalty valued at $331,440.15, at the rate of four percent, or $13,257.60.

The residuary estate, amounting to $242,053.76, was transferred to the present accountants in their capacity as trustees as per schedule of distribution approved July 30, 1940. During the period of the administration of the trust, the accountants made 52 investments and at least 62 sales of assets belonging to the trust estate, which resulted in a conversion profit of $17,727.25. On at least 16 different occasions, the trust investment committee of the corporate accountant made a study of the investments, and the investment reviewer of the corporate accountant studied the account at least 28 times. In addition, the trust estate had the benefit of advice from the corporate accountant's trust review committee, as well as from the vice-president in charge of trusts, the tax division and the accounting division.

The corporate trustee has made a cost analysis of this account, which indicates that in the year 1944 the

cost of maintaining this account exceeded the corporate trustee's share of income commissions by $508.06, which represents a net operating loss to the accountant. The loss in 1945 was $465.05; in 1946, $433.76; in 1947, $542.37, and in 1948, $603.08. It appears from the real estate account, which covers a period of four years, that the trustees made 302 payments for caretaker, repairs, maintenance, etc., and that the total compensation for this period was $20.

Ordinarily, a trustee is entitled to commissions commensurate with the size of the estate, the responsibility incurred and the services performed: Harrison's Estate, 217 Pa. 207 (1907). It was likewise held by the Supreme Court in Strickler Estate, 354 Pa. 276 (1946), that a fiduciary's compensation depends upon the extent and character of the labor and the responsibility involved, and that fixing the amount of compensation is peculiarly within the discretion of the auditing judge.

The Fiduciaries Act of June 7, 1917, P. L. 447, sec. 45, 20 PS §813, prohibited the collection of double commissions where the same persons acted as both executors and trustees. The language of that statutory provision was as follows:

"In all cases where the same person shall, under a will, fulfill the duties of executor and trustee, it shall not be lawful for such person to receive or charge more than one commission upon any sum of money coming into or passing through his hands, or held by him for the benefit of other parties; and such single commission shall be deemed a full compensation for his services in the double capacity of executor and trustee: Provided, That any such trustee shall be allowed to retain a reasonable commission on the income he may receive from any estate held by him in trust as aforesaid."

However, the above section was repealed by the Act of April 10, 1945, P. L. 189, sec. 1, effective upon final enactment. Thus, there are two legal questions to be here decided: (1) Whether the compensation of the accountants is to be determined by the law as it existed at the date they accepted the trust (at which time the Act of 1917 was in force) or the law as existing at the date the compensation is claimed (in this case, after repeal of the Act of 1917 by the Act of 1945), and. (2) whether there is at the present time any legal prohibition against so-called double commissions.

With respect to the first question, the court is convinced that the allowance of commissions of fiduciaries is covered by the law existing at the time the commissions are claimed by the accountants. Ordinarily, a trustee is not entitled to principal commissions until termination of the trust. Accordingly, if there is any legal prohibition against collection of double commissions in the instant case, it must be determined by the presently existing law. The effect of the action of the legislature in repealing section 45 of the Act of 1917 was to remove entirely the statutory prohibition and to leave the determination of the reasonableness of commissions in any particular case to the sound discretion of the auditing judge.

It is apparent that no corporate fiduciary would be willing to undertake a trust which entails an annual loss in the cost of management, unless such cost is absorbed by the allowance of principal commissions. Where a will names a corporate fiduciary as both executor and trustee, there is nothing to prevent the corporate fiduciary from performing the duties of executor, collecting principal commissions on the assets of the estate, and then renouncing as trustee. In such case, the appointment of a substituted corporate trustee would necessarily involve compensation to the sub-

stituted corporate trustee based upon the value of the trust corpus as well as commissions on income. Accordingly, there is no greater cost to the trust estate if the same fiduciary acts as both executor and trustee, and receives compensation in both capacities, than if different corporate fiduciaries are involved.

In the opinion of this court, a trustee is no longer legally barred from receiving principal commissions as trustee by reason of the fact of having received principal commissions as executor. This does not mean that in every case the court will allow a fiduciary double commissions. What it means is that in each individual case the court will consider the size of the trust estate, the period of duration of the trust, the extent of the responsibility involved and the nature and extent of the duties and services performed and will allow the trustees reasonable compensation therefor. Where income commissions are inadequate to compensate the trustee for such responsibilities and services, principal commissions may be allowed. The principal commissions received by the accountant as executor will be considered in determining the reasonableness of the principal commissions claimed by the same accountant as trustee, but will not be permitted to operate as a legal bar to compensation based on the value of the trust corpus.

Applying this rule to the instant case, the court is convinced that the commissions claimed on principal personalty at the rate of three percent (two percent is to be paid to the corporate trustee and one percent to the individual cotrustee) are reasonable and proper under all the circumstances of the case. Accordingly, the exceptions relating thereto are hereby dismissed and the credit claimed in the account for such commissions is hereby approved and allowed.