**Turner Trust**

*Albert L. Doering, III*, for *Pepper, Hamilton & Scheetz*, for accountant.

*W. Joseph Harrison, III*, for beneficiary.

*James W. Sutton, Jr., Deputy Attorney General*, for the Commonwealth as parens patriae.

C. KLEIN, *A. J.*, October 29, 1975 — The reason for filing the present account is stated to be the passage of time and the accountant's request for an increase in income commissions.

All parties in interest are stated to have received notice of this audit.

On February 16, 1918, settlor created a trust designating the Philadelphia Trust Company, now the Fidelity Bank, as trustee to pay the net income therefrom to the Arch Street Presbyterian Church in Philadelphia. The deed provided, inter alia, that income be paid to the church only so long as it retained its then-existing corporate title and remained under the control of the Presbytery of Philadelphia in ecclesiastical connection with the General Assembly of the Presbyterian Church in the United States of America. If the church should fail to comply with either condition, the trustee is directed to pay the income in equal shares to Presbyterian Hospital in Philadelphia and the Trustees of the Presbytery of Philadelphia in ecclesiastical connection with the General Assembly of the Presbyterian Church in the United States of America, or their successors, for their corporate purpose.

In 1922, settlor wished to eliminate the condition regarding the existing corporate title of the Arch Street Presbyterian Church. Although the deed provided that it was irrevocable, by agreement of the settlor, the church, Presbyterian Hospital and the Trustees of the Philadelphia Presbytery, dated June 27, 1922, it was agreed that all parties in

interest would permit the revocation of the 1918 deed provided that the settlor executed a new deed of trust containing identical provisions except for the exclusion of the limitation concerning the corporate title of the church. This was done on June 27, 1922.

This court was not asked to pass upon the modification of the terms of the 1918 deed when it was rewritten in 1922. However, all those beneficially interested in the trust, including the settlor, agreed to the change and there is no reason to disturb it. See Scott on Trusts, §338 (3d ed.).

The increase in compensation requested by the trustee is from four percent to five percent on income, prospectively. The trust agreement contains a provision that the trustee should receive compensation at the rate of two and one-half percent upon income collected. This provision was amended to provide for a four percent income commission by an agreement between the trustee and the church as set forth in a resolution of the Board of Trustees of the church dated December 13, 1939.

The church was informed of the proposal of the trustee to increase the income commission. In response, the president and treasurer of the Board of Trustees of the church wrote to the accountant on September 25, 1975 as follows:

"A regular meeting of the Board of Trustees of The Arch Street Presbyterian Church was held on September 18, 1975 at 1724 Arch Street, at which meeting a quorum was present.

"The Board was informed of the filing in the Court of Common Pleas of Philadelphia County, Orphans' Court Division, of the First Account of the Fidelity Bank covering the Trust Deed dated February 6, 1918, as amended June 27, 1922 of Julia M. Turner and of the proposal of the Bank to increase

the commissions charged to income from 4% to 5%. The Board duly approved the proposed increase notwithstanding the provision in the Deed of Trust which provides for compensation of the Trustee at the rate of 2½% upon income as collected."

Mr. Sutton, acting on behalf of the Attorney General as parens patriae of charities, has indicated that he has no objection to the proposed increase in income commission from four percent to five percent.

It should be noted that, although the accountant in the statement of proposed distribution requests the court in its adjudication to "approve compensation . . . from income at the rate of five percent (5%) of gross income," the increase is to be effective prospectively only. The established practice in this court is not to pass upon questions in an adjudication of an account which do not deal directly with the distribution of funds included in the account.

A trustee is entitled to reasonable compensation as authorized by an appropriate court: Act of June 30, 1972, P.L. 508 (No. 164), as amended, 20 Pa.C.S. §7185(a). Although the cited statute authorizes the court to calculate such compensation on a graduated percentage, the question is not basically one of percentage but rather reasonable and just compensation for services performed: Thompson Estate, 426 Pa. 270, 232 A. 2d 625 (1967); Williamson Estate, 368 Pa. 343, 349, 82 A. 2d 49 (1951); Harrison's Estate, 217 Pa. 207, 66 Atl. 354 (1907); 13 Villanova L. R. 622. The amount of compensation depends generally upon the circumstances of each case: Perkins' Appeal, 108 Pa. 314 (1885); Tidball's Estate, 29 Pa. Superior Ct. 363 (1905).

The auditing judge believes the increase in compensation requested appears to be fair and reason-

able considering the changed circumstances since the last increase in 1939. However, since credit for compensation at the higher rate has not been taken in the account, the court will not formally pass upon the reasonableness of the request for an increase at this time.

The statement of proposed distribution recites that no Pennsylvania inheritance tax was due during the accounting period and none was claimed by the Commonwealth at the audit.

On page 21 of the account, the trustee noted that it reserves the right to charge a counsel fee to Pepper, Hamilton & Scheetz, the amount to be determined at the time of the audit. Mr. Doering's appearance slip requested a fee of $1,750 and all parties in interest were informed of this amount in the audit notices sent to them. There was no objection, and the fee will accordingly be allowed as requested, to be charged against principal.

Waivers of an income accounting up to March 14, 1974 have been submitted and are annexed.

There was no objection to the account which shows a balance of principal of $100,667.98 which is awarded to the Fidelity Bank, trustee, in trust for the continued uses and purposes declared in the deed of trust as revised June 27, 1922.

The account shows a balance of income before distributions of $13,359.49 which is awarded to Arch Street Presbyterian Church in the City of Philadelphia.

All awards are subject to such distributions as have heretofore been properly made.

Leave is granted to the accountant to make all transfers and assignments necessary to effect distribution in accordance with this adjudication.

And now, October 29, 1975, the account is confirmed nisi.