Cheshire,
No. 4382.

HARRY A. PAGE, *Trustee*

*v.*

ERNEST R. D'AMOURS, *Director, Register of Charitable Trusts.*

Submitted March 2, 1955.

Decided April 27, 1955.

*Howard B. Lane* for the trustee.

*Ernest R. D'Amours,* Director, *pro se.*

KENISON, C. J. Revised Laws, chapter 363, section 20, as inserted by Laws 1947, *c.* 283, allows the probate court to apportion the reasonable compensation and expenses of a trustee between principal and income in an equitable manner unless the trust instrument expressly provides otherwise. The statute reads as follows: "A trustee shall be allowed his reasonable expenses incurrred in the execution of his trust; and unless otherwise expressly provided in the trust instrument, he shall have such reasonable compensation for services as the judge may allow. Unless otherwise expressly provided in the trust instrument, such compensation and expenses may be apportioned between principal and income as the judge may determine equitable."

Inasmuch as this statute became effective July 1, 1947, which was subsequent to the death of the testatrix, it is urged that it can have no application to this testamentary trust. Since the Legislature obviously intended that testators and settlors should have an opportunity by suitable provision to avoid the application of the statute it must likewise be deemed to have intended the statute to apply only to trusts which could be modified after passage of the act. *Carter* v. *Whitcomb,* 74 N. H. 482. See also, *Loveren* v. *Lamprey,* 22 N. H. 434. Accordingly R. L., *c.* 363, *s.* 20, has no application to this case.

Generally speaking and in the absence of a statute or a contrary provision in the instrument the ordinary current, recurring expenses of the administration of a productive trust are payable out of income. 2 Scott, Trusts, *s.* 233.2; *Peirce* v. *Burroughs,* 58 N. H. 302. Such expenses include probate fees, premiums on trustee's bond, safe deposit box rent, and necessary legal fees. If any of these expenses "are in any sense extraordinary" (*Ruel* v. *Hardy,* 90 N. H. 240, 242) or if they are primarily beneficial to the remaindermen, they may be charged to principal and this was the law in this state even prior to the enactment of the apportionment statute. *Brown* v. *Berry,* 71 N. H. 241, 244; *Gordon* v. *West,* 8

N. H. 444, 455. While taxes are generally considered payable from income (*Hanley* v. *Wadleigh,* 88 N. H. 174, 177; *Burke* v. *Millikin,* 69 N. H. 501, 502), the capital gains tax is properly charged to principal. Restatement, Trusts, *s.* 233, *comment* f.

The trustee's services and expenses are generally for the benefit of both life tenant and remaindermen and thus in many cases it is impossible to do justice to all the beneficiaries unless apportionment of compensation therefor and of such expenses is made between principal and income. *Gordon* v. *West, supra;* 1 Nossaman, Trust Administration & Taxation, *s.* 256. See *Old Colony Trust Co.* v. *Townsend,* 324 Mass. 298.

It is the Director's position that apportionment of trust expenses can never apply to charitable trusts. A similar problem was considered in construing R. L., *c.* 371, *s.* 4, relating to trust investments but it was decided that that act made "no distinction between trusts for charitable purposes and others." *Citizens' Nat. Bank* v. *Morgan,* 94 N. H. 284, 288. In the absence of a contrary intent expressed in the trust instrument apportionment may apply to both private and charitable trusts. *Cf. Bridgeport-City Trust Co.* v. *First National Bank & Trust Co.,* 124 Conn. 472. The general and subsidiary rules stated above for determining the allocation and apportionment of expenses between principal and income are still effective.

The authority of the probate court apart from statute to allocate expenses to principal was not strictly limited to "extraordinary expenses of the preservation of the capital," as suggested by the findings of that court in this case. The nature of the expense allocated to principal in the second account does not appear. If the practice used in the first account was followed in the second, we may assume that some part of the trustee's compensation and expense was charged to principal. The probate court had authority apart from the statute to permit such apportionment, either in proportion to the size of the interests involved or to the amount of benefit received by them. 4 Bogert, Trusts & Trustees, *s.* 805, *p.* 151. With respect to the trustee's compensation at least, the ruling of the Superior Court was correct. Accordingly the order remanding the appeal will stand so that the probate court may review its decree in the light of this opinion.

*Exception overruled.*

All concurred.