Hillsborough,
No. 6188.

LUCILLE H. MERCER & a.

v.

MERCHANTS NATIONAL BANK, TRUSTEE
UNDER THE WILL OF BUSHROD W. HILL.

December 29, 1972.

*Grinnell & Bureau* (*Mr. George H. Grinnell* orally) for the plaintiffs.

*Wadleigh, Starr, Peters, Dunn & Kohls* (*Mr. Theodore Wadleigh* orally) for the defendant.

KENISON, C.J. The question for decision in this case is whether a trustee may charge the portion of its fee attributable to principal at the termination of the trust instead of periodically during the life of the trust. The Probate Court (*Treat,* J.) allowed the defendant's termination fee, and an appeal was taken to the superior court which also ruled in favor of the defendant-trustee. Plaintiffs' exception to the court's denial of their motion to set aside the verdict was reserved and transferred to this court by *Loughlin*, J.

The defendant was appointed successor trustee in 1926 of the trust under the will of Bushrod W. Hill and administered the trust for thirty-eight years until its termination upon the death of the remaining life tenant in 1964. The probate court allowed a termination fee of $5,257 representing two and one-half percent of the market value of the trust at termination as a charge against principal. Plaintiffs, two remaindermen of the trust who were also income beneficiaries, urge that a principal commission should not be allowed at the termination of a trust. They contend that the trustee's fees included in the annual accounts prepared by the trustee and approved by the court appeared on their face to be the sole compensation to which the trustee would be entitled and that no mention was ever made in those accounts or elsewhere of an eventual termination fee. They further contend that to allow an additional fee at the termination of the trust would in effect be an impermissible reopening of the prior accounts.

In this State and many others the probate court has the duty and authority to approve the amount and time of payment of trustee's fees as in its reasonable discretion it determines appropriate under the circumstances. *Page* v. *D'Amours*, 99 N.H. 441, 113 A.2d 544 (1955); RSA 564:21 (supp.). "[T]he amount of the compensation and the time or times at which the trustee is entitled to receive it are subject to allowance or approval by the court. The court exercises its discretion in fixing the amount and time of payment of compensation, but such discretion is ordinarily exercised in accordance with rules and practices which have become established in the State, not as absolute rules but as rules to be applied in most cases." Restatement (Second) of Trusts, *supra s.* 242, Comment *b* at 605; Bogert, Trusts and Trustees *s.* 975, at 285 (2d ed. 1962); 3 Scott, Trusts *s.* 242, at 2109 (3d ed. 1967).

In this case it was stipulated that the custom and practice in New Hampshire at the time in question was for trustees to make annual charges against income, as compensation for its collection and distribution, and a final termination fee charge against principal. Plaintiffs contend, however, that this custom and practice is improper and unlawful. This method of trustee compensation has been, at least until quite

recently, the approved method in most other States as well as New Hampshire: "The ordinary practice with reference to the compensation of trustees is to give the trustee annual or periodic commissions based on a percentage of the income received and paid out. This is paid from income. In addition they are entitled ordinarily to a percentage of the principal, payable on the distribution of the principal...." 3 Scott, *supra s.* 233.3, at 1921; Restatement (Second) of Trusts, *supra s.* 233, Comment *h* at 560; *e.g., Mercantile Trust Co. Nat'l Ass'n v. Jaeger,* 457 S.W.2d 727, 733 (Mo. 1970). We do not think that this traditional method of compensation was improper in this case.

In recent years many trustees including those in Hillsborough County have changed over to a partial "pay-as-you-go" method of calculating principal fees, whereby annual charges are made against principal and a smaller percentage termination fee is made on termination of the trust. This may well indicate the merit in plaintiffs' contention that annual principal charges more accurately conform to the value of the actual services rendered. Restatement (Second) of Trusts, *supra s.* 233, Comment *h* at 560. *See generally* Bogert, *supra s.* 975, at 30-44 (Supp. 1972) (reproducing portion of American College of Probate 1966 Study by W.H. Jack outlining the statutory fee schedule or customary rates charged in each State): Note, Institutionalized Trusteeship: Avenue of Compensation Reform, 58 Yale L.J. 924 (1949). *See also* American College of Probate Counsel Study by W.H. Jack, Fees of Executors, Administrators and Testamentary Trustees (rev. April 1972). However, the original method of charging the entire principal commission at the termination of the trust prevailed in this State and elsewhere for many years and cannot now as a matter of law be considered unreasonable.

The original $3,271 fee charged by the trustee in 1926 at the inception of its successor trusteeship was for extra services for the review of the predecessor trustee's accounts of twenty-four years for which it was entitled to extra compensation at that time. *Appeal of Perkins,* 108 Pa. 314, 318 (1885); *cf. Brown v. Silsby,* 10 N.H. 521, 524-25 (1840). *See generally* 3 Scott, *supra s.* 242.2, at 2115; Restatement

(Second) of Trusts, *supra s.* 242, Comment *d* at 606. Consequently, that fee has no bearing on the propriety of the termination fee involved in this case. Furthermore, even if this were to be regarded in effect as an acceptance fee, the combined charge against principal could not be considered unreasonable as a matter of law, considering among other things the thirty-eight year duration of the trust. *See, e.g., Commercial Trust Co.* v. *Barnard,* 27 N.J. 332, 346, 142 A.2d 865, 873 (1958).

Finally, plaintiffs' contention that the probate court's approval of the termination fee effectively resulted in the reopening of the prior annual accounts cannot be sustained. Except for occasional charges for extra services, the annual charges were for income services alone. The termination fee was for the preservation and enhancement of the principal in accordance with the established method of trustee compensation in effect in Hillsborough County at the time. *See* 1 Mossaman & Wyatt, Trust Administration and Taxation *s.* 18.05 (1972); 1 A *id. s.* 32.01 (1972); Uniform Probate Code *s.* 7-205, 8 Uniform Laws Annotated 582 (1972).

*Exceptions overruled.*

All concurred.